```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-23025-Civ-LENARD
                              MAGISTRATE JUDGE P.A. WHITE

JUAN CARLOS MARTINEZ,         :

      Petitioner,             :
v.
                              :    REPORT OF
EDWIN G. BUSS,¹                    MAGISTRATE JUDGE
                              :
      Respondent.
_____:
```

I. Introduction

Juan Carlos Martinez, a state prisoner confined at Calhoun Correctional Institution at Blountstown, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his conviction entered in Case No. 06-018730 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with supporting memorandum of law, the Court has the petitioner's response to an order regarding the limitations period, the respondent's response to an order to show cause with multiple exhibits, and the petitioner's reply.

---

¹Edwin G. Buss has replaced Walter A. McNeil as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. Buss should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

## II. Claim

Martinez raises the sole claim that evidence was seized from his home in violation of his Fourth Amendment rights.

## III. Procedural History

Martinez was charged by Information with the offense of armed trafficking in cannabis. See Information. (Record on Direct Appeal at 7-9)(DE# 15-1). Martinez entered a plea of not guilty to the offense charged and the case proceeded to trial before a jury. Before the trial, counsel filed a motion to suppress, seeking the suppression of any and all marijuana and cultivation equipment as the fruits of an involuntary warrantless search. See Defendant's Motion to Suppress. (Record on Direct Appeal at 11-14). Martinez claimed that the police had used force to destroy and remove the fenced gate so that they could enter the property and approach the front door and that such action rendered any consent involuntarily given. Id. An evidentiary hearing was conducted on the motion where the arresting detective, Martinez's mother-in-law and Martinez testified as witnesses. See Transcript of hearing conducted on March 26, 2008, at 1-80. (DE# 15-2). The motion was denied. Id. at 80.

Immediately after the trial court's ruling, Martinez entered a plea of guilty to the offense charged, reserving the right to appeal the court's ruling on his suppression motion. Id. at 81-94. The trial court accepted the plea of guilty, and Martinez was adjudicated guilty of the offense. Id. at 91, 93-94. In exchange for his guilty plea, Martinez was to receive a sentence of 63.15' months imprisonment, the low-end of the sentencing guidelines, with a three-year mandatory minimum term. Id. However, in order to receive such a sentence, Martinez was required to timely surrender

after a requested thirty-day furlough. Id. Martinez did surrender as ordered and his initially imposed twenty-year sentence was mitigated to 63.15 months' imprisonment with a three-year mandatory minimum. See Judgment; Mitigated Sentence. (Record on Direct Appeal at 18-20, 26-28). The trial court subsequently entered a written order, denying the motion to suppress in which the court made detailed findings of fact and credibility determinations. See Order Denying Defendant's Motion to Suppress. (Record on Direct Appeal at 35-39).

Martinez prosecuted a belated direct appeal, raising the sole claim that the trial court erred in denying his motion to suppress because his consent was the product of an illegal seizure and there was no break in the chain of illegality to overcome the initial taint. See Initial Brief of Appellant. (DE# 14-1). Martinez cited both federal and state court cases to support his argument. Id. The state argued that the initial encounter was consensual and not coercive, and the consent to search was valid. See Answer Brief of Appellee. (DE# 14-1). 29-38). The state also relied upon federal and state court cases to support its position. Id. The Florida Third District Court of Appeal affirmed the trial court's ruling in a *per curiam* decision without written opinion. See Martinez v. State, 26 So. 3d 593 (Fla. 3d DCA 2010). Martinez apparently also pursued state postconviction relief on grounds unrelated to this federal petition. See e.g., Martinez v. State, 41 So. 3d 908 (Fla. 3d DCA 2010). After all state court proceedings had concluded, Martinez came to this Court, filing the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

### IV. Threshold Issues - Timeliness and Exhaustion

The respondent in his response to the order to show cause correctly concedes that the petition had been timely filed. See 28

U.S.C. §2244(d)(1)-(2). The respondent further appropriately concedes that the issue raised here has been properly exhausted before the state courts.[2] See 28 U.S.C. §2254(b)(1) and (b)(1)(A)(A state prisoner's habeas corpus petition "shall not be granted unless it appears that----the applicant has exhausted the remedies available in the courts of the State....").

## V. Standard of Review

Petitioner filed his petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Post-AEDPA law, therefore, governs this action. Abdul-Kabir v. Quarterman, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585 (2007); Penry v. Johnson, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n .9 (11th Cir. 2007). It is important to recognize just how limited is this Court's review in a habeas proceeding. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L .No. 104-132, 110 Stat. 1214 (1996), provides that a federal court may not grant the writ unless the state court adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented

---

[2] A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979).

4

in the State court proceeding.

28 U.S.C. §2254(d).

As the United States Supreme Court explained in Williams v. Taylor, 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In deciding whether a state court ruling involved an "unreasonable application" of federal law, this Court does not focus merely upon whether the state court decision was erroneous or incorrect; rather, this Court may issue a writ of habeas corpus only if the state court's application of clearly-established federal law was objectively unreasonable. See id. at 409-11. See also Knowles v. Mirzayance, 556 U.S. ___, 129 S.Ct. 1411, 1418 (2009).

The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412, 120 S.Ct. at 1523 (majority opinion by O'Connor, J.). Findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. See 28 U.S.C. §2254(e)(1); Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007), *cert. denied*, 553 U.S. 1007 (2008).

## VI. Discussion

Martinez raises the sole claim that the trial court violated

his Fourth Amendment rights when it denied his motion to suppress physical evidence seized from his home. Specifically, he alleges here, as he did in the state courts, that the entry onto his premises was unlawful, rendering the subsequent consent involuntary as merely an acquiescence to police authority. The respondent correctly argues that Martinez is not entitled to federal habeas corpus relief.

It is well settled that a federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the Fourth Amendment claim. Stone v. Powell, 428 U.S. 465 (1976). See also Cardwell v. Taylor, 461 U.S. 571 (1983); Devier v. Zant, 3 F.3d 1445, 1455 (11th Cir. 1993); Harris v. Dugger, 874 F.2d 756, 761 (11th Cir.), cert. denied, 493 U.S. 1011 (1989); Ponce v. Cupp, 735 F.2d 333, 335 (9th Cir. 1984); Swicegood v. Alabama, 577 F.2d 1322, 1324-25 (5th Cir. 1978). This rule applies to all claims arising under the Fourth Amendment. See, e.g., Williams v. Collins, 16 F.3d 626, 637 (5th Cir.), cert. denied, 512 U.S. 1289 (1994)(search and seizure); Cardwell v. Taylor, 461 U.S. at 572 (arrest). The courts have held that the state does not afford a defendant a full and fair opportunity to litigate the validity of a search under the Fourth Amendment when the state courts fail to make essential findings of fact. See Tukes v. Dugger, 911 F.2d 508, 514 (11th Cir. 1990)(Stone does not apply when trial court holds evidentiary hearing on suppression motion, but does not make explicit findings of fact, and appellate court summarily affirms); see also, Hearn v. Florida, 326 Fed.Appx. 519, 522 (11th Cir. 2009)(accord). The doctrine established in Stone v. Powell, supra has survived the passage of the AEDPA. See Bradley v. Nagle, 212 F.3d 559, 564-66 (11th Cir. 2000)("The Supreme Court ... has held that federal courts are precluded from conducting post-conviction

review of Fourth Amendment claims where state courts have provided 'an opportunity for full and fair litigation' of those claims."), cert. denied, 531 U.S. 1128 (2001).

The above-reviewed procedural history of this case reveals that Martinez filed a pretrial motion to suppress physical evidence, challenging the lawfulness of his consent to search his home. Evidentiary proceedings were conducted before the trial court on the motion, where testimony was taken from several witnesses and argument made by counsel before the motion was denied. See Transcript of hearing conducted on March 26, 2008. (DE# 15-2). (DE# 14; Ex. 4). The motion turned on the issue of credibility; i.e, whether the officers' version of the events regarding the entry onto the property and the manner in which the consent was obtained was credible or whether Martinez's version to the contrary was the credible one. Id. The motion with initially denied with no explanation on the record at the conclusion of the hearing. But, later, the trial court made detailed findings of fact, credibility determinations and conclusions of law supporting its denial of the motion in a written order. See Order Denying Defendant's Motion to Suppress. (Record on Direct Appeal at 35-39)(DE# 15-1). Martinez took an appeal from the denial of his motion to suppress where federal cases were relied upon and where his claim was considered and rejected by the state appellate court. See Martinez v. State, 26 So. 3d 593 (Fla. 3d DCA 2010). Thus, the subject Fourth Amendment claim was fully litigated in the state courts where explicit findings of fact were made.

Rightfully so, Martinez does not contend in this federal proceeding that he was denied the opportunity to present facts to the state trial court or to argue the issue before an appellate court. Rather, he appears to argue that the procedural bar of *Stone*

should not apply here because the Florida courts applied the law incorrectly in evaluating his claim and/or the state court's conclusions were based upon unreasonable findings by the trial court. See Traverse Response. (DE# 19). This argument is unavailing. Martinez has not demonstrated that the state court proceeding was inadequate and, from review of the record, this Court is satisfied that Martinez had a full and fair opportunity to litigate all his Fourth Amendment claims in the Florida courts.[3] Martinez's Fourth Amendment claims are, therefore, precluded from federal habeas corpus review. See Bradley v. Nagle, 212 F.3d at 565 (stating that "[w]e cannot now say that [petitioner] was denied a full and fair opportunity to litigate his Fourth Amendment claims, even were we to disagree with the state courts' analysis or conclusion. To do so would vitiate the Supreme Court's decision in Stone, which we are not empowered to do.").

## VII. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

---

[3] The Eleventh Circuit has "construed Stone v. Powell to bar consideration of a Fourth Amendment claim if the state has provided an opportunity for full and fair litigation of the claim 'whether or not the defendant employs those processes.'" Huynh v. King, 95 F.3d 1052, 1058 (11th Cir. 1996) (citing Caver v. Alabama, 577 F.2d 1188, 1192 (5th Cir. 1978))(footnote omitted). Thus, the deciding factor in the applicability of the *Stone v. Powell* principle to a particular case is the existence of state processes affording an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's utilization of those processes. Id. at 1193. Accordingly, the doctrine remains applicable even if Martinez did not present before and/or during trial any additional arguments he now might be raising in this Court in support of his Fourth Amendment claim.

SIGNED this 7<u>th</u> day of March, 2011.

                                                UNITED STATES MAGISTRATE JUDGE

cc: Juan Carlos Martinez, <u>Pro</u> <u>Se</u>
    DC# 23446
    Calhoun Correctional Institution
    19562 S.E. Institutional Drive
    Blountstown, FL 32424

    Timothy R.M. Thomas, AAG
    Department of Legal Affairs
    444 Brickell Avenue
    Suite 650
    Miami, FL 33131